## SUN KWONG ON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 6, 1906.)

### No. 148.

CUSTOMS DUTIES—CLASSIFICATION—DUCKS' EGGS—EGGS OF BIRDS.

Paragraph 549, Free List, § 2, c. 11, Tariff Act July 24, 1897, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683], relating to "eggs of birds," does not include eggs of the domesticated duck, which are dutiable under paragraph 244, Schedule G, § 1, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649], as "eggs, not specially provided for."

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision below, G. A. 5,966 (T. D. 26,151), affirmed the assessment of duty by the collector of customs at the port of New York.

The opinion of the board reads as follows:

WAITE, General Appraiser. The goods in this importation are described in the invoice as "salt eggs," and consist of ducks' eggs in the shell, packed in salt and mud. They were assessed for duty at 5 cents per dozen under paragraph 244, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649], which reads as follows: "244. Eggs, not specially provided for in this act, five cents per dozen." It is contended on behalf of the importer that the articles are properly exempt from duty under the provisions of paragraph 549, Free List, § 2, 30 Stat. 197 [U. S. Comp. St. 1901, p. 1683], which reads as follows: "549. Eggs of birds, fish, and insects: Provided, however, that this shall not be held to include the eggs of game birds or eggs of birds not used for food, the importation of which is prohibited, except specimens for scientific collections, nor fish roe preserved for food purposes."

The testimony shows that the goods are the eggs of domesticated ducks, and were imported from China. The only witness produced at the hearing testified that the ducks were kept about the house and were tame, and that the eggs are imported for food. It seems clear that the domesticated duck would itself be classified as "poultry." It has frequently been held by this board that ordinary barnyard fowl, such as domestic chickens and geese, were not within the exemption of "birds and land and water fowls" in paragraph 494, Free List, § 2, of the act (30 Stat. 196 [U. S. Comp. St. 1901, p. 1681), being more specifically provided for as "poultry" under paragraph 278, Schedule G, § 1, 26 Stat. 172 [U. S. Comp. St. 1901, p. 1652]. In re Moreau, G. A. 166 (T. D. 10,516); In re Croley, G. A. 3,305 (T. D. 16,660; In re Jones, G. A. 5,103 (T. D. 23,616). It would seem to follow that the eggs of the domestic duck are not eggs of "birds," within the meaning of paragraph 549. That Congress intended paragraph 244 to cover eggs of poultry is confirmed by its position in the act. It is found in Schedule G, 26 Stat. 170 [U. S. Comp. St. 1901, p. 1649], covering "agricultural products and provisions," and falls under the subdivision "farm and field products." It is obvious that, if para-

graph 549 exempts ducks' eggs, it also exempts hens' eggs and eggs of other poultry. This would leave practically no eggs of commercial importance for paragraph 244 to operate upon, as the only eggs not enumerated in paragraph 549 would be such eggs as those of reptiles, frogs, etc. Such a view is too absurd to be entitled to serious consideration.

Counsel for the protestant cites T. D. 23,799, which publishes for the information and guidance of customs officers an act of Congress approved June 3, 1902 (32 Stat. 285, c. 983 [U. S. Comp. St. Supp. 1905, p. 55]), removing the prohibition of paragraph 549 with reference to eggs of game birds imported for propagation; but we cannot see that this statute has any application to the merchandise in this case, which, as we have seen, is not eggs of game birds. We therefore hold that the goods in controversy are not specially provided for in paragraph 549, and were rightfully assessed under paragraph 244 at 5 cents per dozen.

The protest is overruled, and the collector's decision affirmed.

The following is the opinion of the circuit court:

"TOWNSEND, Circuit Judge. Decision affirmed, on the opinion of the Board of General Appraisers."

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

Henry A. Wise, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Decision affirmed, approving the opinion of the Board of General Appraisers.